# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MARIO ANTON LEE,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 2:23-cv-08018-LSC |
| ) | (2:00-cr-00347-LSC) |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OF OPINION

The Court has before it Petitioner Mario Anton Lee's ("Lee's") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) For the reasons set forth below, the motion will be denied.

Lee is a frequent filer of § 2255 petitions. This Court has recently recited his numerous attempts and the courts' rejections of those attempts in a Memorandum of Opinion and Order entered on February 15, 2019, in *Lee v. United States*, 19-cv-08007-LSC. (Docs. 2 & 3.)

There is once again no indication that Lee has obtained an authorizing order from the Eleventh Circuit before filing this motion. Accordingly, this Court is precluded from considering the successive § 2255 motion. *See* 28 U.S.C. §§ 2255(h). 2244(b)(3)(A); *see also United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005)

("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."). Lee's § 2255 motion is due to be denied for lack of jurisdiction.

Additionally, pursuant to Rule 11 of the Rules Governing § 2255 Proceedings, the Court has evaluated the claims within the petition for suitability for the issuance of a certificate of appealability ("COA"). Rule 22(b) of the Federal Rules of Appellate Procedure provides that when an appeal is taken by a petitioner, the district judge who rendered the judgment "shall" either issue a COA or state the reasons why such a certificate should not issue. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." This showing can be established by demonstrating that "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct. *Id.*

The Court finds that reasonable jurists could not debate its resolution of the claims presented in this habeas corpus petition. Accordingly, a COA will not issue from

this Court. The Court will enter a separate order in conformity with this Memorandum of Opinion.

**DONE** and **ORDERED** on August 28, 2023.

                                                L. Scott Coogler
                                       United States District Judge

215708